UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CASE NO.:

DAVID GORDON OPPENHEIMER,

    Plaintiff,

v.

FLOWER BRIDGE DESIGN, LLC d/b/a
ARTS AND CRAFTS COLLECTOR,
KATHERINE NIXON, and OMNI HOTELS
MANAGEMENT CORPORATION,

    Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff DAVID GORDON OPPENHEIMER by and through his undersigned counsel, brings this Complaint against Defendants, FLOWER BRIDGE DESIGN, LLC d/b/a ARTS AND CRAFTS COLLECTOR, KATHERINE NIXON, and OMNI HOTELS MANAGEMENT CORPORATION, for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff DAVID GORDON OPPENHEIMER ("Oppenheimer") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Oppenheimer's original copyrighted Work of authorship.

2. Oppenheimer is an independent travel, aerial, and concert photographer, who operates Performance Impressions LLC as the primary outlet to sell prints of his work in addition to commercial licensing. Oppenheimer has a large archive of aerial and concert photography with over 500 galleries of photos from concerts, music festivals, travel, landmarks, and aerial

photographs of major cities, rural, and mountain landscapes across the United States. His work has been featured by National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports and on display at the Museum of the City of New York.

3. Defendant FLOWER BRIDGE DESIGN, LLC DBA ARTS AND CRAFTS COLLECTOR ("FBD") is a company dedicated to displaying and exploring the works, artisans, historical origins and the contemporary revival of the American Arts & Crafts Movement. At all times relevant herein, FBD owned and operated the internet website located at the URL https://artsandcraftscollector.com/ (the "Website").

4. Defendant KATHERINE NIXON is an individual and resident of North Carolina. Nixon is the manager, operator, and/or principal officer of FBD.

5. Defendant OMNI HOTELS MANAGEMENT CORPORATION ("Omni"), is a luxury hotel company that owns and operates upscale hotels and resorts across North America. Omni is the owner of The Omni Grove Park Inn Hotel located in Asheville, North Carolina.

6. FBD, Nixon, and Omni are collectively referred to as "Defendants."

7. Oppenheimer alleges that Defendants copied Oppenheimer's copyrighted Work from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with Defendants' businesses.

## JURISDICTION AND VENUE

8. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

9. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

10. Defendants are subject to personal jurisdiction in North Carolina.

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in

infringement in this district, Defendants reside or conduct business in this district, and Defendants are subject to personal jurisdiction in this district.

## THE DEFENDANTS

12. Flower Bridge Design, LLC d/b/a Arts and Crafts Collector is a North Carolina Limited Liability Company, with its principal place of business at 900 Hendersonville Rd, Suite 204B, Asheville, North Carolina, 28813, and can be served by serving its Registered Agent, Katherine D. Nixon, at the same address.

13. Katherine Nixon is an individual and resident of North Carolina. Nixon is the manager, operator, and/or principal officer of FBD. Nixon can be served at 2 Bungalow Way, Asheville, NC 28804.

14. Omni Management Corporation, is a Delaware Corporation with its principal place of business located at 4001 Maple Avenue Ste. 600, Dallas, TX 75219, and can be served by serving its Registered Agent, at the same address.

## THE COPYRIGHTED WORK AT ISSUE

15. In 2012, Oppenheimer created the photograph entitled "AviationDayCFTS00222," which is shown below and referred to herein as the "Work".



16. Oppenheimer registered the Work with the Register of Copyrights on December 22, 2012 as part of a group registration. The Group Registration was assigned registration number VAu 1-127-011. The Certificate of Registration is attached hereto as **Exhibit 1**.

17. At all relevant times Oppenheimer was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

18. The National Arts and Crafts Conference (the "Conference") is an annual event held at The Omni Grove Park Inn in Asheville, North Carolina, dedicated to celebrating and preserving the Arts and Crafts Movement in the United States. The Conference features expert lectures, workshops, and a renowned antiques and contemporary crafts show, attracting

collectors, scholars, and artisans passionate about Arts and Crafts-style furniture, decor, and philosophy.

19. The Conference has been held annually at The Omni Grove Park Inn since 1988.

20. FBD advertises the Conference and also handles its administrative aspects related to registration and financial operations.

21. The Omni works closely in conjunction with FBD to host the Conference by coordinating with FBD and Nixon to plan the logistical aspects of the Conference, as well as by offering unique attractions and accommodations to the Conference attendees.

22. By virtue of their long-standing relationship, FBD and Omni collaborate as partners in organizing, marketing, and executing the Conference.

23. Upon information and belief, Omni has the right to supervise, review, and approve any materials used to advertise its role as the host of the Conference, ensuring alignment with its brand standards and policies.

24. The Work depicts The Omni Grove Park Inn from an aerial perspective.

25. On a date after the Work at issue in this action was created, but prior to the filing of this action, FBD copied the copyrighted Work without Oppenheimer's permission.

26. Nixon – in performing her duty as principal officer and agent of FBD – located and obtained the Work on Oppenheimer's website and/or Flickr account, then subsequently made further copies and distributed the Work on the internet to promote the sale of goods and services as part of FBD's historical art education business. Specifically, the Work was used to promote and advertise The Omni Grove Park Inn and the Conference.

27. FBD and Nixon copied and distributed Oppenheimer's copyrighted Work in connection with FBD's business for purposes of advertising and promoting FBD's business, and in the course and scope of advertising and selling products and services.

28. On or about February 5, 2022, Oppenheimer discovered the unauthorized use of his Work on FBD's Website.

29. Neither FBD nor Nixon were ever licensed to use the Work at issue in this action for any purpose.

30. FBD and Nixon committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

31. Oppenheimer never gave FBD nor Nixon permission or authority to copy, distribute or display the Work at issue in this case.

32. Oppenheimer notified FBD and Nixon of the allegations set forth herein on December 3, 2024. To date, the parties have failed to resolve this matter. Despite having received actual notice of the presence of Oppenheimer's copyrighted Work, the Work presently remains available on FBD's Website[1].

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT BY FBD

33. Oppenheimer incorporates the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Oppenheimer owns a valid copyright in the Work at issue in this case.

35. Oppenheimer registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

---

[1] https://artsandcraftscollector.com/wp-content/uploads/2021/08/GPI-Today-1024x674.jpeg

36. FBD copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

37. FBD performed the acts alleged in the course and scope of its business activities.

38. FBD's acts were willful.

39. Oppenheimer has been damaged.

40. The harm caused to Oppenheimer has been irreparable.

## COUNT II
## DIRECT COPYRIGHT INFRINGEMENT BY NIXON

41. Oppenheimer incorporates the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

42. Oppenheimer owns a valid copyright in the Work at issue in this case.

43. Oppenheimer registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

44. Nixon copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

45. Nixon – as FBD's manager and principal executive – personally performed the acts alleged in the course and scope of FBD's business activities.

46. Nixon's acts were willful.

47. Oppenheimer has been damaged.

48. The harm caused to Oppenheimer has been irreparable.

## COUNT III
## VICARIOUS COPYRIGHT INFRINGEMENT BY OMNI

49. Oppenheimer incorporates the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

50. As a partner with FBD in coordinating the event, Omni had the authority to review and supervise the content and materials FBD used to advertise the Conference held at The Omni Grove Park Inn.

51. FBD and Nixon committed copyright infringement when they, without permission, license, or authorization, copied, displayed, and made derivatives of the Work depicting The Omni Grove Park Inn in the course of advertising the Conference on FBD's Website.

52. Omni has a direct financial interest in the infringing activity (i.e. advertising of the Conference) because it gains revenue from the rental of its event spaces and from visitors booking rooms offered by the hotel.

53. Despite having the ability to object to the use of the infringed Work by FBD to advertise the Conference, Omni refused to do so. Therefore, Omni is vicariously liable for FBD and Nixon's infringing actions.

WHEREFORE, Plaintiff DAVID GORDON OPPENHEIMER prays for judgment against the Defendants that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein and any further acts in violation of 17 U.S.C. § 501;

b. Defendants be required to pay Oppenheimer his actual damages and Defendants' profits attributable to the infringement, or, at Oppenheimer's election, statutory damages, as provided in 17 U.S.C. § 504;

c.  Defendant Omni be held vicariously liable for the violations of 17 U.S.C. Section § 501 by FBD and Nixon;

d.  Oppenheimer be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

e.  Oppenheimer be awarded pre- and post-judgment interest; and

f.  Oppenheimer be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Oppenheimer hereby demands a trial by jury of all issues so triable.

Dated: February 4, 2025                Respectfully submitted,


*/s/  Arthur Piervincenti*
ARTHUR PIERVINCENTI
NC Bar Number: 33591
arthur@ptlawpllc.com

**PIERVINCENTI LAW PLLC**
631-300 Brawley School Rd, #225
Mooresville NC 28117
704.251.9679 – Telephone

*Counsel for Plaintiff David Gordon Oppenheimer*